OPINION
Defendant/Appellant, Ricky Grogan appeals the judgment of the Lima Municipal Court of Allen County, Ohio finding him guilty of disorderly conduct, a violation of R.C. 2917.11(B)(2). For the following reasons, we affirm the judgment of the trial court.
On the evening of September 27, 1998, Grogan was at his home. At approximately 5:07 a.m., the Delphos City Police Department received a call from Grogan claiming that there was a disturbance at his home. Upon arrival, Officer Thomas Klingler of the Delphos Police Department observed Grogan and Maurice Woodruff on the front porch.
Officer Klingler testified that he saw the two men fighting on the front porch. Specifically, Officer Klingler stated that he "saw Mr. Grogan going at Mr. Woodruff, Mr. Woodruff was going back words [sic] and then Mr. Woodruff swung around and was pushing Mr. Grogan backwards, and the next I knew, I saw was [sic] Mr. Woodruff picked [sic] up a broom and swung it and hit Mr. Woodruff across the face." Officer Klingler testified that Woodruff had blood coming from his mouth. In addition, Grogan told Officer Klingler that they had been fighting over the location of a missing gun.
Officer Klingler also testified that Grogan appeared to be intoxicated. Officer Klingler testified that he has had contact with people under the influence of alcohol roughly three hundred different times. Officer Klingler testified that Grogan's speech was slurred, his eyes were glassy and bloodshot, and his breath had a moderate odor of alcohol. Officer Klingler testified that there was no doubt in his mind that Grogan was intoxicated.
Grogan testified that he had four beers between 5:30 p.m. and 12:30 a.m. or 1:00 a.m. Grogan claims that he was not on the front porch when the police arrived at his home and that he did not hit Woodruff.
T.J. Kohorst testified on behalf of Grogan. Kohorst was with Grogan on the evening in question. Kohorst testified that he wasn't paying attention to anybody and that he did not see Grogan consume anything. He also testified that Grogan did not have difficulty standing, walking, or speaking. Kohorst admitted that he did not have any direct knowledge of what happened in the struggle between Grogan and Woodruff at 5:00 a.m.
Grogan was placed under arrest and charged with disorderly conduct. After a bench trial, Grogan was found guilty of violating R.C. 2917.11(B)(2). Grogan was fined $100 and court costs, although $75 of the fine was suspended. Grogan now appeals his conviction and sentence.
ASSIGNMENT OF ERROR NO. I
 The trial court erred to the prejudice of Defendant in finding that the State had presented evidence sufficient to sustain a conviction for disorderly conduct in violation of Section 2917.11(B)(2), Ohio Revised Code.
ASSIGNMENT OF ERROR NO. II
 The judgment of the trial court is against the manifest weight of the evidence.
We note that Grogan requires us to make two distinct inquiries since issues regarding sufficiency of the evidence and weight of the evidence are resolved through the use of two different standards. State v. Thompkins (1997), 78 Ohio St.3d 380. Grogan first argues that the State had insufficient evidence to meets its burden to prove disorderly conduct. Grogan then argues that his conviction for disorderly conduct is against the manifest weight of the evidence.
 'Sufficiency' is a term of art meaning the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.
Thompkins, 78 Ohio St.3d at 386-87 (citations omitted). In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was found guilty of disorderly conduct, in violation of R.C. 2917.11(B)(2), which provides as follows:
 (B) No person, while voluntarily intoxicated, shall do either of the following:
* * *
 (2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
In the case before us, Officer Klingler testified that he has had contact with approximately three hundred intoxicated people. In his opinion, Grogan was intoxicated. Grogan's speech was slurred, his eyes were glassy and bloodshot, and his breath had a moderate odor of alcohol. Grogan admitted to having consumed four beers.
Grogan also admitted that he and Woodruff had been arguing over the location of a missing gun. Officer Klingler testified that he saw Grogan hit Woodruff in the face with a broom.
We have thoroughly reviewed the evidence presented by the State in this case and, upon consideration thereof, we find that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, the magistrate could have found the essential elements of disorderly conduct were proven beyond a reasonable doubt. Accordingly, Grogan's first assignment of error is overruled.
In order for a court of appeals to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. Thompkins, 78 Ohio St.3d at 389.
 Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of the proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
Thompkins, 78 Ohio St.3d at 387 (citations omitted). To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses, and determine that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172,175.
After reviewing the evidence, we cannot state as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice or that a rational trier of fact could not have found Grogan guilty beyond a reasonable doubt as the testimony of Officer Klingler supports Grogan's conviction. Accordingly, we cannot find the conviction of disorderly conduct is against the manifest weight of the evidence. Grogan's second assignment of error is overruled.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.